NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————— :
:
DAWN CONKLIN, :
:
    Plaintiff, :
:     Civil Action No. 10-3566
      v. :
:     **OPINION**
PRESSLER & PRESSLER LLP, :
:
    Defendant. :
:
———————————————————— :

**WOLFSON, United States District Judge:**

    Presently before the Court is a motion by Plaintiff Dawn Conklin ("Plaintiff") for an award of attorney's fees and costs in the amount of $28,005.70 pursuant to Fed. R. Civ. P. 54(d) and 15 U.S.C. §1692k(a)(3). Specifically, counsel for Plaintiff, Kimmel & Silverman, P.C. ("K&S"), seeks fees in the amount of $27,012 for 90.4 hours of work, plus an additional $1,023.70 in costs. Defendant opposes Plaintiff's calculation and contends that the proper award for fees should be $13,955.50. For the reasons set forth below, the Court will grant Plaintiff's motion and award attorney's fees and costs in the amount of $16,387.70.

    **I. BACKGROUND**

    On or about July 14, 2010, Plaintiff filed a Complaint alleging violations under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Pl.'s Br. at 1. Plaintiff filed an Amended Complaint on February 15, 2011. Id. Specifically, Plaintiff alleged that her bank account had been levied pursuant to a judgment entered against her by Defendant. Compl. ¶14. Plaintiff contacted Defendant and spoke to one of its employees, Ms. Dana

1

Okoniewski.  Compl. ¶16.  Plaintiff further alleged that Ms. Okoniewski provided inaccurate

legal advice, informing her she had no options other than to pay the debt. Pl.'s Br. at 1.

According to the Complaint, Plaintiff requested a copy of the judgment, but Defendant's

representative refused to provide Plaintiff with a copy and threatened Plaintiff that she would

send a police officer to Plaintiff's apartment if she failed to pay the alleged debt.  Compl. ¶38.

Defendant filed an Answer to Plaintiff's Amended Complaint on March 9, 2011.  Def.'s

Br. at 2.  On May 4, 2011, Defendant offered Plaintiff $25,000 to resolve all issues including

attorney's fees.  Def.'s Br. at 14.  The amount of Plaintiff's counsel fees and costs as of May 4,

2011 was $19,616.20.  Plaintiff responded with a counteroffer of $30,000.  Id.  The parties could

not come to an agreement.

Subsequently, on or about August 3, 2011, Defendant served Plaintiff with an Offer of

Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, offering Plaintiff the

opportunity to have a judgment entered in her favor in the amount of $2,103 to compensate her

for both actual and statutory damages.  In addition, the Offer of Judgment provides, in relevant

part, "This offer also includes reasonable attorney fees and costs to be determined by the Court,

unless the parties agree to such amount without the need for such determination by the Court."

Dkt. 24, Ex. A.  On or about August 11, 2011, Plaintiff accepted the offer and it was filed with

the Court on that same day.

Although the substantive issues in this matter have been settled, the parties have been

unable to agree on the amount of attorney's fees and costs to be awarded.  On August 30, 2011,

Plaintiff's counsel filed the instant motion seeking attorney's fees in the amount of $27,012.00

for 90.4 hours of work, plus an additional $1,023.70 in costs for a total amount of $28,005.70.

## II. DISCUSSION

**A.    <u>Standard</u>**

Initially, the Court notes that the parties do not dispute that Plaintiff is entitled to reasonable attorney's fees and costs.  Pursuant to the FDCPA, a prevailing plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).  The award of attorney's fees is "mandated ... as a means of fulfilling Congress's intent that the FDCPA should be enforced by debtors acting as private attorneys general."  <u>Graziano v. Harrison</u>, 950 F.2d 107, 113 (3d Cir.1991).

The plaintiff's success requires that she be a "prevailing party" to recover attorney's fees under § 1692(k).  "Prevailing party" has been defined in various ways.  The Court finds the formulation set forth by the United States Supreme Court in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983), to be instructive.  In <u>Hensley</u>, the Supreme Court found "that plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." <u>Id</u>. at 433.  This District has adopted the <u>Hensley</u> definition of "prevailing party" in assessing FDCPA claims.  <u>See</u> <u>Norton v. Wilshire Credit Corp.</u>, 36 F.Supp.2d 216, 218–19 (D.N.J.1999).

The U.S. Supreme Court has explained how the initial calculation of an award of attorney's fees is made: "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  The calculation provides an objective basis on which to make an initial estimate of the value of the lawyer's services." <u>Hensley</u>, 461 U.S. at 433.  The calculation produces what is referred to as the lodestar amount.  <u>See</u> <u>Damian J. v. School Dist. of</u>

Philadelphia, 358 Fed. Appx 333, 334 (3d Cir. 2009). This method requires multiplying the hours reasonably expended by a reasonable hourly rate. See Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541 (1984). The prevailing party bears the burden of proving, through competent evidence, the reasonableness of the hours worked and rates claimed. Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir.1996). Any party may oppose a fee application by objecting with "sufficient specificity." Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir.1997). Once opposed, "the party requesting fees must demonstrate to the satisfaction of the court that its fee request is reasonable." Interfaith Cmty. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 703 (3d Cir. 2005).

While the lodestar is presumed to yield a reasonable fee, Washington, 89 F.3d at 1035, either party may seek an adjustment of the lodestar amount but bears the burden to show an adjustment is necessary. Mosaid Techs, Inc., v. Samsung Elecs. Corp., 224 F.R.D. 595, 597 (D.N.J. 2004). In deviating from the lodestar, courts may consider numerous factors, including, for example, the time spent and labor required; the novelty and difficulty of the legal issues; the customary fee in the community; whether the fee is fixed or contingent; the nature and length of the professional relationship with the client; and awards in similar cases. See Public Interest Research Group, 51 F.3d at 1185 n.8 (citations omitted).

The district court ultimately "retains a great deal of discretion in deciding what a reasonable fee award is," Bell v. United Princeton Properties, 884 F.2d 713,721 (3d Cir. 1989), and "in determining whether the fee request is excessive . . . the court will inevitably engage in a fair amount of 'judgment calling' based upon its experience with the case and the general experience as to how much a case requires." Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346,

4

362 (3d Cir. 2001).

**B.     Analysis**

In the instant matter, the parties do not dispute that Plaintiff is a prevailing party within the meaning of the FDCPA.  Ms. Conklin received an offer of settlement greater than the maximum statutory award and thus succeeded on a "significant issue in litigation."  Hensley, 461 U.S. at 433.  However, the parties do not agree on the attorney's fees requested by Plaintiff. Plaintiff seeks $27,012 in attorneys fees plus $1023.70 in costs, for a total award of $28,005.70. Defendant contends that an appropriate fee would be $13,955.50.  Specifically, Defendant contends that: (1) the hourly rates sought by Plaintiff exceed the prevailing market rates in this district; (2) the calculation of fees includes hours not reasonably expended because they were duplicative, redundant and/or administrative in nature; and (3) the number of hours should be reduced as excessive under the circumstances presented in this matter.  Def.'s Br. at 3. In addition, Defendant argues that had Plaintiff's counsel accepted the $25,000 offer from Defendants, such an amount would have covered Plaintiff's damages as well as attorney's fees.[1]

Initially, the court notes that Defendant's opposition, as well as this Court's own research, reveals that Plaintiff's counsel has sought fees in numerous other FDCPA actions in the past year using similar briefs and supporting evidence as was submitted in this matter; in those cases, the various courts reduced both the proposed hourly rates as well as the number of hours expended.  See, e.g., Freid v. Nat'l Action Fin. Services, Inc., No. 10-2870, 2011 U.S. Dist. LEXIS 149668 (D.N.J. Dec. 29, 2011) (reducing counsel's fees from $97,028.59 to $11,944 );

---

[1]  In that regard, the Court notes that the requested attorney's fees amounted to $19,616.20 at the time of Defendant's offer.  It appears that Defendant's offer to pay $25,000 would not only have covered Plaintiff's damages and attorney's fees, but actually, exceeded the amount owed.

<u>Levy v. Global Credit and Collection Corp.</u>, No. 10–4229, 2011 U.S. Dist. LEXIS 124226, at *2 (D.N.J. Oct. 27, 2011) (reducing K&S's fees from $9,211.50 to $5,795); <u>Mills v. Lieberman, Michaels & Kelly</u>, LLC, No. 10-2512,  2011 U.S. Dist. LEXIS 121416 (M.D.Pa. Oct. 20, 2011)(finding that K&S had not adequately supported its claim for attorney's fees and ordering counsel to submit supplemental affidavits); <u>Weed–Schertzer v. Nudelman, Klemm & Golub</u>, No. 10-6402, 2011 U.S. Dist. LEXIS 108928 (D.N.J. Sept. 23, 2011) (finding K&S's fees unreasonable and reducing them from $9,340.50 to $5,092.50); <u>Brass v. NCO Fin. Sys.</u>, No. 11-1611, 2011 U.S. Dist. LEXIS 98223 (E.D.Pa. July 22, 2011) (reducing counsel's fees); <u>Williams v. NCO Fin. Sys.</u>, No. 10-5766, 2011 U.S. Dist. LEXIS 50635 (E.D.Pa. May 11, 2011) (reducing K&S's hourly rates). [2]  This Court also finds it appropriate to reduce the amount of fees sought by Plaintiff and will do so pursuant to the analysis below.


1.     <u>Hourly Rates</u>

In evaluating the reasonableness of the hourly rates asserted by Plaintiff, the relevant inquiry is the prevailing rate for comparable legal services in the forum of litigation.  <u>See, e.g.</u>, <u>Interfaith Comm. Org.</u>, 426 F.3d at 705.  Plaintiff bears the burden "of producing sufficient

---

[2]Indeed, in light of the numerous decisions reducing K&S's fees, this Court has compared  the submissions provided in the instant matter with some of the submissions provided in the above-referenced cases.  As a result of this burdensome and time-consuming process, the Court has come to the conclusion that many of counsel's submissions in this case are identical or nearly identical to those submissions in other cases.  For example, the first seventeen paragraphs of the argument section in Plaintiff's fee petition are identical to the first seventeen paragraphs in other briefs filed by Plaintiff's counsel.  <u>See, e.g., compare</u> Pl.'s Br. with <u>Freid</u>, No. 10-2870 [Dk# 38-1] and <u>Levy</u>, No. 10-4229 [Dk#12-2].  Not only is this finding relevant to the Court's evaluation of whether counsel's fees in general are reasonable, the Court is compelled to note that this also suggests that Plaintiff's counsel has billed a number of defendants for the same work on more than one occasion and that such a practice should not be condoned or permitted.

evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." Smith, 107 F.3d at 225. "The fee applicants' burden may be satisfied by the submission of affidavits of non-party attorneys with personal knowledge of the hourly rates customarily charged in the relevant community." Apple Corps. Ltd. v. International Collectors Soc., 25 F. Supp. 2d 480, 493 (D.N.J. 1998). A reasonable rate is determined by "assessing the experience and skill of the prevailing party's attorneys and compar[ing] the rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2011). The Court has broad discretion to determine an appropriate hourly rate. See Washington, 89 F.3d at 1036.

In the instant matter, Plaintiff utilized three attorneys billing at the following rates: Craig T. Kimmel, Esq. ($425 per hour); Amy L. Bennecoff, Esq. ($300 per hour) and Sara Young, Esq. ($300 per hour). Plaintiff also had two law clerks bill time to the file, Jacob Ginsburg and David Allen ($180 per hour), as well as four paralegals: Christy Sunchych ($165 per hour); Dawn Grob ($165 per hour); Chloe O'Connell ($165 per hour) and Jason Ryan ($155 per hour). To support their proffered rates, Plaintiff's counsel rely, in part, on their credentials and the following sources: (1) a Certification by an associate attorney at a consumer practice firm in California, Nicholas Bontrager, Esq.; (2) a Certification by an associate attorney at Weisberg & Meyers, LLC, a law firm based in Phoenix, Arizona; (3) the 2007 Consumer Law Attorney Fee Survey; (4) the U.S. Attorney Laffey Matrix; and (5) the 2010 National Law Journal survey of the hourly billing rates of the nations' largest 250 firms. In response, Defendant contends that the rates are not reasonable in light of the numerous court decisions reducing the rates for Plaintiff's counsel

7

in similar FDCPA cases.   Specifically, Defendant contends that the Court should set the

following hourly rates: Mr. Kimmel ($325 per hour); Ms Bennecoff ($250 per hour); Ms. Young

($200 per hour)); Mr Ryan ($125 per hour); Ms. Sunchych ($125 per hour); Ms. Grob ($125 per

hour); Mr. Ginsburg ($125).   In addition, Defendant contends that because Plaintiff has provided

no supporting documents or Certifications to support the requested rates for Ms. O'Connell and

Mr. Allen, these entries should be struck in their entirety.

Initially, as discussed above, the Court has identified at least six cases in the District of

New Jersey, Eastern District of Pennsylvania and Middle District of Pennsylvania which have

reduced the hourly rates sought by Plaintiff's counsel.   See, e.g., Weed-Schertzer, 2011 WL

4436553 (the Court setting plaintiff's legal representatives' rates as follows: Mr. Kimmel ($325

per hour); Ms Bennecoff ($250 per hour); Ms. Young ($200 per hour)); Mr Ryan ($125 per

hour); and Ms. Sunchych ($125 per hour)); Levy, 2011 WL 5117855, at * 8 (setting the

following rates for Mr. Kimmel ($310 per hour); Ms. Bennecoff ($210 per hour); Ms. Young

($200); Ms Sunchych ($110 per hour); Mr. Ryan ($110 per hour) and Ms. O'Connell ($110 per

hour)).  Indeed, in Levy, Judge Kugler noted:

> this is by no means the first time that Kimmel & Silverman's fees have been
> reduced by a court. Indeed, consideration of the instant motion has brought this
> Court's attention to other FDCPA cases wherein plaintiffs are represented by
> Kimmel & Silverman. . . The majority of these opinions, and many others not
> cited herein, concern motions for the award of Kimmel & Silverman's attorneys'
> fees, and they order a reduction of those fees.  Accordingly, the Court finds itself
> puzzling over Kimmel & Silverman's insistence on claiming the same fee rates in
> each of its FDCPA cases.  Should another such petition reach this Court in the
> future, we hope not to have to puzzle over it again.

2011 WL 5117855, at *2 (citations omitted).

Moreover, the Court notes that in Holzhauer v.Hayt, Hayt & Landau LLC, Civ. A. No.

11- 2336, a case pending before me, K&S recently filed a motion for fees and costs in which the following hourly rates were requested: Mr. Kimmel ($325 per hour); Ms. Bennecoff ($250 per hour); Ms. Young ($200 per hour); Mr. Ryan ($125 per hour); Ms. O'Connell ($125 per hour); Ms. Sunchych ($125 per hour); Dawn Grob ($125 per hour); and Mr. Ginsburg ($200 per hour). In light of the fact that numerous other District Courts have reduced K&S's requested rates, as well as K&S's recognition that its hourly rates should be reduced in a case similar to the above-captioned matter, the Court will adopt the following hourly rates: Mr. Kimmel ($325 per hour); Ms Bennecoff ($250 per hour); Ms. Young ($200 per hour)); Mr Ryan ($125 per hour); Ms. Sunchych ($125 per hour); Ms. Grob ($125 per hour); Mr. Ginsburg ($125); Ms. O'Connell ($125); Mr. Allen ($125).

2.      Hours Billed

A court must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant or otherwise unnecessary." Interfaith Community Org., 426 F.3d at 710.  Counsel certifies that it has expended a total of 90.4 hour of attorney and support staff time on this case.  Specifically, Plaintiff's legal representatives state that they expended the following hours on this case: Ms. Bennecoff (63.7 hours); Ms. Young (13.4 hours); Mr. Kimmel (6.4 hours); Ms. Sunchych (2.8 hours); Ms. Grob (1.1 hours); Ms. O'Connell (.6 hours); Mr. Ryan (.5 hours); Mr. Allen (1.7 hours); and Mr. Ginsburg (.2 hours.)    The Court finds the number of hours expended to be unreasonable.  I echo Judge Kugler's conclusion in Levy, 2011 WL 5117855, at * 5[3]; the hours

---

[3]In Levy, the court explained, "Plaintiff's attorney alleges that it has expended a total of 29.8 hours of attorney and paralegal time on this case. The Court finds this to be an unreasonable

9

requested by Plaintiff's counsel are unreasonable in light of the repetitive nature of K&S's FDCPA practice and the boilerplate nature of the pleadings submitted in this action. Accordingly, the Court will reduce the hours billed pursuant to the analysis below.

i. Duplicative and Redundant

In its Adjusted Time Sheet, Defendant points to eleven entries by Plaintiff that it believes are duplicative. For example, Defendant contends that in entries dated June 8, 2011, Ms. Young and Ms. Bennecoff each submitted more than 3 hours of time for traveling to Trenton for a settlement conference and for meeting with the client before and after the settlement conference. Williamson Cert., Ex. P.  In its brief, Defendant argues that this represents an unnecessary duplication of work and should be disallowed.  Def's Br. at 9.  In response, Plaintiff contends that Judge Arpert required trial counsel's presence during the June 8, 2011 settlement conference; thus, Plaintiff argues, that because Ms. Bennecoff was designated as trial counsel, her presence was required.  Pl's Rep. Br. at 10.  The Court finds that, as evidenced by the numerous similar cases pending in this and other Districts, the subject matter of this lawsuit was not novel or new to K&S, thus, the presence of both attorneys was unnecessary.  As a result, the Court finds that Ms. Young's presence was duplicative and will cut her fees as a result.

In addition, Defendant argues that on March 5, 2010 and on March 9, 2010, Mr. Ryan called the client to discuss questions about the case and billed .1 hours on both occasions.  Thus, Defendant argues that such entries were duplicative.  The Court does not agree.  It is entirely

number of hours, particularly considering the number of like cases litigated by Kimmel & Silverman, and the similarity between the briefs filed on behalf of Plaintiff in this case, and those submitted in other cases."  2011 WL 5117855, at *5.

10

possible that Mr. Ryan could have two separate conversations involving different topics on two different days.  Thus, the Court does not find these entries to be duplicative.  Finally, Defendant does not provide explanation for why the remaining entries are duplicative.  Thus, the Court will not eliminate any additional entries as duplicative.


ii. <u>Unnecessary</u>

Next, Defendant points to approximately 10.1 hours spent by Plaintiff's legal representatives as unnecessary, including 1.7 hours spent by Mr. Kimmel on an initial review of the case.  Specifically, Defendant argues that on March 31, 2011, Ms. Young spent 5 hours on travel to Defense counsel's office to collect documents for discovery; however, Defendant notes that the amount of documents produced amounted to only 39 pages and, as a result, that the 5 hours spent traveling to, and reviewing documents at, Defense counsel's office was unnecessary. The Court agrees.  Indeed, the Court notes that there appears to be no reason why Ms. Young could not have inquired into the scope of the production and, in light of the limited amount of documents, requested that the documents be mailed, emailed or faxed to her.  Thus, the Court will reduce these five hours billed on March 31, 2011 to one hour.

In addition, Defendant objects to 1.7 hours spent by Mr. Kimmel on January 25, 2010 to receive and review a claim from Plaintiff, a new potential client.  In support of this objection, it points to a page from K&S's website indicating that potential clients receive a "Free Case Review."   The Court agrees and will delete these time entries entirely.

However, the Court has reviewed the remaining objections lodged by Defendant as unnecessary and finds that they largely relate to the review of filings and notifications from ECF

11

and, therefore, appear to be necessary to keep the legal representatives informed of ongoing events in the case.

iii. <u>Administrative</u>

Defendant also argues that Plaintiff has charged for services that are administrative, rather than legal.  "As a general rule, time that would not be billed to a client cannot be imposed on an adversary . . . Thus, adminsirative tasks, which are not the type normally billed to a paying client, may not be recovered by a party through a fee petition."  <u>Alexander v. NCO Fin. Sys.</u>, 2011 U.S. Dist. LEXIS 64211 at *19 (E.D. Pa. June 16, 2011)(citations omitted).  Indeed, certain administrative tasks not normally billed to clients such as "opening a file in a database, mailing letters, and copying documents to a CD," may not be recovered by a party through a fee petition. <u>Alexander</u>, 2011 WL 2415156, at *6; <u>see also</u> <u>Halderman v. Pennhurst State Sch. & Hospital</u>, 49 F.3d 939, 942 (3d Cir. 1995).  However, tasks such as "discussions with a client, creating a factual summary, and preparing an outline of linked events, have been included in calculations . . . .  Even if performed by a paralegal."  <u>Brass</u>, 2011 WL 3862145, at *6.

Here, the Court finds that the following billed hours are administrative and will reduce the hours billed for the following entries by the amount noted in the parentheses: Ms. Sunchych – Prepare civil cover sheet; PDF exhibits and complaint (.2 hours)(July 14, 2010); Ms. Bennecoff – save time stamped copies of docs in Amicus (.1)(July 15, 2010); Ms. Bennecoff – calendar (.1) (Oct. 4, 2010); Ms. Bennecoff – calendar (.1)(Nov. 16, 2010); Ms. Bennecoff – confirm fax number is correct; refax (.1)(Dec. 6, 2010); Ms. Sunchych – contact court for Fax number (.1.)(Dec. 6, 2010); Ms. Bennecoff – calendar dates (.1)(Dec. 10, 2010); Ms. Bennecoff – PDF

docs; (.1)(Dec. 31, 2010); Ms. Bennecoff – PDF docs; Prepare Cert of Service; Email to CLS to

send courtesy copy to Judge (.3)(Feb. 14, 2011); Ms. Bennecoff– Email to CLS to efile amended

complaint (.1)(Feb. 15, 2011); Ms. O'Connell – Scanned 1st set of ROGS, Request for PODS and

Requests for Admissions from Defendant. Saved documents into Clients [sic] file and updated

Summary page (.2)(Mar. 18, 2011); Ms. Sunchych – Review email from ALB re: court reporter

needed for 4.11 (.1)(March 25, 2011); Ms. O'Connell – scan, saved and emailed to ALB and

SMY 3-25-11 from M. Williamson (.1)(March 29, 2011); Ms. O'Connell – call to court reporter

re: deposition of defendant's rep, confirm avaialbility for today, schedule (.1)(April 11, 2011);

Ms. O'Connell – receipt of file from ALB post-deposition; scan dep notes, organize file (.1)(Apr.

12, 2011); Ms. Bennecoff – calendar same (.1)(May 19, 2011); Ms. Bennecoff – Email

corresopndence with Lisa T. Graham re: transcript (.2)(May 24, 2011); Ms. Bennecoff – Email

correspondence to CLS re: ordering transcripts (.1)(May 24, 2011); Ms. Sunchych – Left VM for

Anna Joseph (.1)(May 25, 2011); Ms. Sunchych – Two phone calls with Anna Joseph re: status

of deposition transcripts (.1)(June 1, 2011); Ms. Grob – Received efiled letter from OPC; copied

to Amicus & emailed to ALB (.1)(July 1, 2011); Ms. Grob – Received M. Williamson's letter

brief & copied to amicus (.1)(July 6, 2011); Ms. Grob – copied to Amicus & emailed to ALB;

calendered events (.1)(July 12, 2011); Ms. Grob - copied toAmicus & calendered related events

(.1)(Aug. 2, 2011); Ms. Bennecoff – email exchange with DG re: calendaring response date for

OOJ (.1)(Aug. 5, 2011); Ms. Grob – email exchange with ALB re: dates to calendar specific to

OOJ (.1)(Aug. 8, 2011); Ms. Grob – Received efiled minute entry re: telephone conference,

copied to Amicus (.1)(Aug. 10, 2011); Ms. Bennecoff – prepare exhibit; email to OPC; calendar

fee petition' save date-stamped copy in Amicus (.2)(Aug. 11, 2011); Ms. Grob – copied to

13

Amicus & calendared fee petition (.1)(Aug. 12, 2011); Ms. Bennecoff – PDF docs (.2)(Aug. 30,

2011).  As a result, this time will be subtracted from the time submitted by Plaintiff.


iv. Excessive Entries

        In addition, in light of the repetitive nature of Plaintiff's legal representatives' work in

FDCPA cases and the fact that numerous of the filings in the above-captioned matter are

identical or nearly identical to documents filed in other FDCPA actions, the Court finds that the

following entries are excessive and will reduce the hours billed by Plaintiff for the following

tasks by the amounts noted in the parentheses:  Ms. Bennecoff – research on potential

claims/violations and draft complaint (.4) (April 21, 2010); Ms. Bennecoff – prepare request for

default (.3)(Sept. 19, 2010; Ms. Bennecoff – review case again; provide memo to CTK about

facts of the case and violations of FDCPA (.2)(Oct. 1, 2010); Ms. Young – drafted written

discovery requests (1.0)(Dec. 9, 2010); Ms. Bennecoff – Prepare Amended Complaint; Prepare

Motion to Amend (1.0)(Dec. 23, 2010); Ms. Bennecoff – Prepare Reply brief to motion to amend

(1.5)(Feb. 14, 2011); Ms. Young – Telephone Call with client to review discovery requests and

discuss responses; prepare responses to Defendant's Interrogatories, Production Requests and

Requests for Admission (1.0)(March 23, 2011); Ms. Bennecoff – Review docs in file, review

discovery responses, review answer and prepare outline of questions for deposition of

defendant's representative (1.0)(April 8, 2011); Ms. Bennecoff – Prepare memo re: facts of case,

violations alleged, and procedural history, prepare breakdown of billing entries for CTK

discussion about settlement (.5)(April 20, 2011); Ms. Bennecoff – Review transcript from

defendant's Dep and Prepare position paper to submit to Court (1.0)(June 3, 2011); Ms.

14

Bennecoff – Supplement/revise client's discovery responses (.3)(June 3, 2011); Mr. Allen –

Prepare Letter to Judge Arpert on Fee Agreement (1.0)(July 5, 2011); Ms. Bennecoff – Reviewed

and revised D. Allen's draft letter to Judge Arpert; conduct additional research on "good cause

standard" (1.0)(July 5, 2011); Ms. Bennecoff – Prepare Certifications of ALB, CTK and SY;

Prepare Motion; Prepare Brief; Prepare Certifications of N. Bontrager and A. Radbil and email to

them for Review; Prepare Certifications for paralegals; Prepare Exhibits (4.0)(Aug. 26, 2011). [4]

## III.  LODESTAR CALCULATION

Based on the above analysis, the Court finds that the following hourly rates and the

following number of hours are reasonable:

| Legal Professional | Hourly Rate | Hours Worked | Total Fee |
|---|---|---|---|
| Mr. Kimmel | $325 | 4.7 | $1527.50 |
| Ms. Bennecoff | $250 | 50.7 | $12675 |
| Ms. Young | $200 | 3.2 | $640 |
| Ms. Sunchych | $125 | 2.2 | $275 |
| Mr. Ryan | $125 | .5 | $62.50 |
| Ms. O'Connell | $125 | .1 | $12.50 |
| Mr. Ginsburg | $125 | .2 | $25 |
| Ms. Grob | $125 | .4 | $50 |
| Mr. Allen | $125 | .7 | $87.50 |
| TOTAL | | 62.7 | $15355.00 |

As a result, the total amount to be awarded is $15,355 in attorneys fees plus $1,032.70 in

---

[4]The Court is compelled to comment on the nearly identical nature of the brief and exhibits filed in support of Plaintiff's Fee Petition in this matter and those filed in numerous other FDCPA cases pending in this and other District Court.  In that regard, Counsel for Plaintiffs is fortunate to receive any fees for this particular entry.

costs for a total award of $16,387.70.

## IV.  CONCLUSION

Based on the foregoing, the Court will grant in part and deny in part Plaintiff's Motion for Attorney's Fees and Costs.  Specifically, Plaintiff's requested attorneys' fees and costs are reduced to $16,387.70.


Dated: February 21, 2012                                     /s/ Freda L. Wolfson

                                                             Freda L. Wolfson, U.S.D.J.

17