NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAWN CONKLIN, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 10-3566 |
| v. : | |
| : | **OPINION** |
| PRESSLER & PRESSLER LLP, : | |
| : | |
| Defendant. : | |

**WOLFSON, United States District Judge:**

     Presently before the Court is a Motion for Reconsideration pursuant to L. Civ. R. 7.1(i) by Plaintiff Dawn Conklin ("Conklin" or "Plaintiff") through her counsel, Kimmel & Silverman, P.C. ("K&S" or "Plaintiff's Counsel"). Specifically, Conklin asks the Court to reconsider its February 21, 2012 Order ("Order"). That Order granted-in-part and denied-in-part Plaintiff's Motion for Attorney's Fees and Costs. Both the current motion and Plaintiff's earlier underlying Motion for Attorney's Fees and Costs are related to Plaintiff's claim under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The parties had settled the underlying action for $2,103 plus reasonable attorney's fees. In its Order, the Court reduced the amount of fees that K&S requested. In doing so, the Court reduced the fee for some entries to which Defendant lodged no specific objection—but based on the same arguments that Defendant offered for other similar entries—and reduced some entries by more than Defendant requested. In so doing, Plaintiff argues the Court improperly exercised its discretion. Defendant filed no

brief in opposition to the present Motion for Reconsideration.  For the reasons set forth below, Plaintiff's motion is denied.

I.    BACKGROUND

On July 14, 2010, Plaintiff filed a Complaint alleging violations under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  Compl. at 7.  Plaintiff filed an Amended Complaint on February 15, 2011.  Dkt. No. 16.  Defendant filed an Answer to Plaintiff's Amended Complaint on March 9, 2011.  Dkt. No. 17.  On May 4, 2011, Defendant offered Plaintiff $25,000 to resolve all issues including attorney's fees.  Def. Opp., Ex. M.[1]  The amount of Plaintiff's counsel fees and costs as of May 4, 2011 was $19,616.20.  Plaintiff responded with a counteroffer of $30,000.  Id.  The parties could not reach an agreement.

Then on August 3, 2011, Defendant served Plaintiff with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, offering Plaintiff the opportunity to have a judgment entered in her favor in the amount of $2,103 to compensate her for both actual and statutory damages.  In addition, the Offer of Judgment provides, in relevant part, "This offer also includes reasonable attorney fees and costs to be determined by the Court, unless the parties agree to such amount without the need for such determination by the Court."  Pl. Pet. for Atty's Fees, Ex. A.  On August 11, 2011, Plaintiff accepted the offer and it was filed with the Court on that same day.

Despite resolving the substantive issues, the parties were unable to agree on the amount of attorney's fees and costs to be awarded.  On August 30, 2011, Plaintiff's counsel filed a

---

[1] Citations to Defendant's Opposition refer to the brief Defendant filed in opposition to Plaintiff's Motion for Attorney's Fees.  Dkt. No. 29.  Defendant did not file an opposition to Plaintiff's Motion for Reconsideration and instead leaves the matter to the "discretion of the Court to weigh the merits of Plaintiff's counsel's renewed request for additional fees."  Def. June 22, 2012, Letter to Court.  Dkt. No. 35.  Defendant also notes that his attempts to resolve the matter amicably with K&S were unavailing as K&S did not return Defendant's calls.  Id.

motion seeking attorney's fees in the amount of $27,012.00 for 90.4 hours of work, plus an additional $1,023.70 in costs for a total amount of $28,005.70.  On February 21, 2012, the Court granted in part and denied in part Plaintiff's Motion for Attorney's Fees and Costs, awarding K&S $16,387.70.  Conklin v. Pressler & Pressler LLP, No. 10-3566, 2012 U.S. Dist. LEXIS 21609 (D.N.J. Feb. 21, 2012).  In the present motion, Plaintiff asks the Court to reconsider its decision to reduce entries to which Defendant did not specifically object, and to reduce entries by an amount more than Defendant suggested.  Pl. Br. at 1.

## II. STANDARD OF REVIEW

Motions for reconsideration in this district are governed by Local Civil Rule 7.1(i).  That rule allows parties to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the initial motion.  L. Civ. R. 7.1(i).  The burden on the moving party, however, is quite high.  The movant must demonstrate either: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).  The Court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion.  Bowers v. Nat'l Collegiate Athletic Assoc., 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

## III. DISCUSSION

Plaintiff's Counsel latch onto a Third Circuit case to argue it is error for a trial court to reduce fees based on time entries not specifically identified by the opposing party.  In particular, the Third Circuit in Cunningham was faced with a situation where the party opposing the fee request argued that plaintiff was not entitled to a fee award in the first instance, but did not take issue with the amount of the award itself or dispute the affidavits filed in support of that fee

3

award.  Cunningham v. City of McKeesport, 753 F.2d 262, 265-66 (3d Cir. 1985).  Within that context, the Third Circuit said the following:

> In statutory fee cases . . . when an opposing party has been afforded the opportunity to raise a material fact issue as to the accuracy of representations as to hours spent, or the necessity for their expenditure, and declines to do so, no reason occurs to us for permitting the trial court to disregard uncontested affidavits filed by a fee applicant.

Id. at 267.  The Third Circuit elaborated on its ruling in Bell when it addressed the issue of how specific the objections to a fee petition must be for a court to grant a reduction without running afoul of the *sua sponte* proscription announced in Cunningham:

> [A]lthough the respondent's objections to the fee petition must be clear, a party challenging a fee petition ***need not always challenge specific time entries and have the court find that some specific time entry was unreasonable or unnecessary in order to prevail***.  Entries in a fee applicant's time sheets usually reflect only generally the type of work in which counsel was engaged.  It would be nearly impossible, or at least extraordinarily burdensome, for parties who wish to contend that the time spent by a fee applicant was excessive in light of counsel's expertise, or in light of the simplicity of the case, or who wish to raise some similar contention that might affect an entire category of work done by counsel, to point to all the entries that they believe to be unreasonable . . . .  We believe that, in general, the party raising such challenges, which affect an entire category (or several categories) of work, need only specify with particularity the reason for its challenge and the category (or categories) of work being challenged; ***it need not point to each individual excessive entry***.

884 F.2d 713, 720-21 (3d Cir. 1989) (internal quotation marks and citations omitted) (emphasis added).  In its Opposition, Defendant identified and discussed certain excessive entries as representative of all such entries; this was sufficient to "put[] [K&S] on notice that it must defend its fee position" against claims that it billed an excessive number of hours.  See Bell, 884 F.2d at 720.  In particular, Defendant argued that Plaintiff's Petition "includes hours not reasonably expended because they were duplicative and redundant, unnecessary, administrative, and/or excessive" that "should be reduced as being excessive under the circumstances presented in this matter."  Def.'s Opp. at 6.  Then Defendant identified 20 entries that it deemed excessive.  See Def.'s Br. Ex. P.  This list was illustrative, not exhaustive.  Indeed, Defendant explained that

4

the terms it used (excessive hourly rate, administrative, unnecessary, duplicative, and excessive) were "subject to overlap." Def. Opp. at 9 n.5.  Furthermore, Defendant provided detailed explanations of why several entries were excessive and asked the Court to reduce these entries and additional excessive entries.  Def. Opp. at 12-13.  Plaintiff was on notice that Defendant objected to multiple entries as excessive, and its reasons for so objecting; this provided Plaintiff with sufficient information upon which to base a response.  As it noted previously, the district court ultimately "retains a great deal of discretion in deciding what a reasonable fee award is," Bell, 884 F.2d at 721 and "in determining whether the fee request is excessive . . . the court will inevitably engage in a fair amount of 'judgment calling' based upon its experience with the case and the general experience as to how much a case requires." Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001).  Consequently, the Court finds that Defendant satisfied the requirement of Bell by making a categorical objection to "excessive" entries.  See Bell, 884 F.2d at 720.  Therefore, the Court properly exercised its discretion in reducing individual entries to which Defendant made no objection.  Nor has K&S pointed to any case law to suggest that Court cannot exercise its discretion and reduce a fee award by an amount greater than what the opposing party sought.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration will be denied.  An order will be entered consistent with this Opinion.


Dated:  August 9, 2012                           /s/ Freda L. Wolfson
                                                 Freda L. Wolfson, U.S.D.J.